UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PEBBLEBROOK CONDOMINIUM ASSOCIATION, INC. | * | CIVIL ACTION |
| | * | NO. 23-1277 |
| VERSUS | | |
| | * | SECTION "T" (2) |
| CANOPIUS US INSURANCE, INC. | | |

**ORDER AND REASONS**

Pending before me is Defendant Canopius US Insurance, Inc.'s Motion to Compel Compliance with Subpoena filed against non-party Structure Ace, LLC. ECF No. 50. No one filed an Opposition Memorandum, and the deadline for same expired on Tuesday, October 7, 2025. *See* E.D. La. L.R. 7.5. No one requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Defendant's Motion is GRANTED for the reasons stated herein.

**I.    BACKGROUND**

This is a Hurricane Ida case in which Plaintiff seeks contractual and extra-contractual damages against its insurer Canopius US Insurance, Inc. ECF No. 1. Canopius issued a subpoena duces tecum to non-party Structure Ace, LLC, which Canopius alleges was Plaintiff's roofing contractor, seeking (a) documents relating to Structure Ace's estimates, repairs or other communications relating to Hurricane Ida damage; (b) all contracts for repair work; and (c) communications with specified persons. ECF No. 50-1 at 1-2; No. 50-2 at 4.

Defendant's process server served the subpoena duces tecum on Structure Ace's registered agent on April 23, 2024. ECF No. 50-2 at 5. Structure Ace failed to respond or object to the subpoena duces tecum. Defendant requested a response but received no reply; therefore, it filed

1

this motion to compel. ECF No. 50-1 at 2. Defendant also filed an affidavit indicating it served this motion to compel on Structure Ace with a copy of its motion to compel by delivering same to Structure Ace's registered address. ECF No. 56.

## II.   APPLICABLE LAW AND ANALYSIS

This is the court for the district where compliance is required, and thus, is the proper court to address the pending motion. Fed. R. Civ. P. 45(d); *see* ECF No. 50-2 at 1.

Discovery may be obtained from non-parties pursuant to Rule 45 of the Federal Rules of Civil Procedure; a party may command a non-party to produce materials, specifically "documents, electronically stored information, or tangible things" in the non-party's possession, custody, or control. Fed. R. Civ. P. 45(a)(1)(A)(iii). The non-party has three means of challenging the subpoena duces tecum: (1) written objections, (2) a motion to quash or modify the subpoena, *or* (3) a protective order. *Id.* at 45(d)(2)(B), (d)(3); Fed. R. Civ. P. 26(c).

A subpoena is a court order, and courts have inherent power to enforce compliance with their orders through civil contempt.[1] Although Rule 45(g) authorizes contempt for the failure to comply with a subpoena, a contempt order is normally preceded with an order directing compliance or a showing of an excuse for noncompliance.[2] Rule 45(g) provides the remedy for noncompliance of a third party. Thus, although Rule 45(g) does not explicitly authorize a motion to compel a non-party's compliance with a subpoena's command,[3] courts typically do not impose contempt sanctions without first ordering compliance with a subpoena.[4]

---

[1] *Spallone v. United States*, 493 U.S. 265, 276 (1990).
[2] *See EB Holdings II Inc. v. Illinois Nat'l Ins. Co.*, No. 21-2650 2021 WL 6134783, at *1 (S.D. Tex. Dec. 29, 2021) (quoting 9A Wright & Miller's Federal Practice & Procedure § 2465).
[3] *MetroPCS v Thomas*, 327 F.R.D. 600, 614 (N.D. Tex. 2018).
[4] Fed. R. Civ. P. 45(g) advisory committee notes to 2013 amendment.

In this case, Defendant validly served the subpoena duces tecum on Structure Ace. Structure Ace has not taken advantage of any of Rule 45's available options for responding to a subpoena duces tecum. Defendant has made a prima facie showing of noncompliance, Structure Ace's failure to respond to the subpoena, and this motion results in a waiver of any objections on any basis other than privilege. Thus, the Court will order Structure Ace to comply with the subpoena duces tecum and produce the requested documents within 21 days.

### III.    CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendant Canopius US Insurance, Inc.'s Motion to Compel Structure Ace, LLC's Compliance with Subpoena is GRANTED.

IT IS FURTHER ORDERED that Defendant immediately serve a copy of this Order on Structure Ace, LLC's registered agent for service of process.

IT IS FURTHER ORDERED that Structure Ace, LLC produce the documents requested in response to the subpoena duces tecum within 21 days of this Order. Failure to do so may result in a recommendation that Structure Ace, LLC be sanctioned and/or held in contempt of court.

New Orleans, Louisiana, this __15th__ day of October, 2025.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE